## BISSELL *v.* DISTRICT OF COLUMBIA.

MUNICIPALITIES;  NEGLIGENCE;  EVIDENCE.

1. In an action against the District of Columbia for personal injuries sustained by reason of the tipping of the lid of a manhole to a sewer, whereby the plaintiff fell through the opening and was injured, a verdict for the defendant is properly directed, where the only evidence for the plaintiff is that the lid was thin and rusty and rested in a groove full of dirt, and that he thought he stepped on one edge and it tipped with him, and there is no evidence that the defendant had actual or constructive notice of such conditions.  (Distinguishing *District of Columbia* v. *Payne*, 13 App. D. C. 500, and following *Scott* v. *District of Columbia*, 27 App. D. C. 413.)

2. In such a case, an objection by the defendant is properly sustained, to an offer by the plaintiff to prove by a witness on the stand that the witness had examined the well or cover of the trap, and found it in a defective state, worn, and of long standing, and to establish by him its condition at the time of. and before, the accident by proving what its condition was the week afterward.

No. 1656.  Submitted May 14, 1906.  Decided June 5, 1906.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action to recover damages for personal injuries.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This action was brought by the plaintiff, Orlando H. Bissell, against the defendant, the District of Columbia, to recover damages for personal injuries alleged to have been sustained by the plaintiff by falling through the opening in a sewer trap which the defendant had negligently permitted to remain out of repair and in an unsafe condition, by permitting the manhole or cover of a sewer trap located in the south side of "L" street, northwest, between Thirteenth and Fourteenth streets, in Washington, to become insecure, unsafe, and defective without any warning or protection at the unsafe sewer trap to show that it was unsafe and dangerous, and in consequence thereof the plaintiff, on May 17th, 1905, stepped upon the unsafe cover or circular lid of the sewer trap that had for a long time been in the sidewalk and left unsafe through the negligence of the defendant, whereby the circular lid turned on edge, or otherwise precipitated plaintiff through the opening and down into the sewer trap, whereby he suffered the injuries complained of in the declaration. Upon the plea of not guilty interposed by the defendant, the case was tried before a jury, which, under the instruction of the court below, returned a verdict for the defendant.

There are two assignments of error. The second and most important of these assignments is that the court erred in directing the jury to return a verdict for the defendant.

The testimony on behalf of the plaintiff was his own and that of his companion, Doctor Dodge. The latter confirmed the plaintiff as to the circumstances of the accident, described the location of the sewer trap, knew that it was made of iron, and confirmed the plaintiff in respect to the location of the trap, but had not particularly examined it after the accident. The plaintiff testified that near midnight on May 17th, 1905, he was passing along "L" street northwest, between Thirteenth and Fourteenth streets, and stepped on the lid or cover of a sewer trap, and believes he stepped on one edge of it. It tipped with him, and he went down into the opening up to his arm pits, and

suffered injuries which he fully described. This manhole was
the middle one of three of the same kind on the south side of
the street. There were tree boxes there, and this sewer trap
was out in the tree space surrounded by grass and dirt, and not
in the paved portion of the sidewalk. On the next forenoon
after the accident the plaintiff inspected the place, and found
that the sewer trap was a thin lid of cast iron from an eighth to
a quarter of an inch thick, about 18 inches in diameter, fitting
into a groove which was full of dirt, and the lid itself was worn
and rusty; and the plaintiff believed that these conditions were
the cause of the lid turning when the plaintiff stepped on it.

Doctor Perry, the physician who attended him, described the
plaintiff's injuries, and the physician's treatment of them.

Mr. Bowen offered, but was not permitted by the court, to tes-
tify in regard to the condition of this sewer cover; but the ap-
pellant has not here replied upon the exception to the proffer of
Bowen's testimony then taken.

Mr. P. A. Bowen, Jr., Mr. F. C. Handy, and Mr. Henry S.
Matthews for the appellant.

Mr. Edward H. Thomas, Corporation Counsel, and Mr.
Henry P. Blair, assistant, for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

The meager description of the sewer cover as described by
the plaintiff would hardly justify the jury in finding that it
was unsafe. The rust did not make it unsafe. It was thin, but
did not break under the man's weight. The plaintiff himself
believed that he stepped on one edge of the lid and it then tipped
with him. After the accident he said the groove was full of dirt.
Its location in the tree space surrounded by dirt could readily
have caused the earth washed by a dashing spring shower to
gather in the time of year when the accident happened. If the
lid had been carelessly replaced by some one recently, it might
have tipped with the plaintiff as he believed it did. The plain-

tiff's evidence indicates that the few circumstances he suggests as likely to have contributed to the accident may have been quite recent conditions. If such conditions had suddenly concurred the defendant had no actual notice of them and the plaintiff's evidence did not warrant the court in imputing constructive notice to the defendant. It appears that the learned court below instructed the jury to find for the defendant because the plaintiff failed to prove the case stated in his declaration. The proof tended to show that the lid was ajar and had not been properly replaced. The plaintiff's counsel relies upon the ruling of this court in *District of Columbia* v. *Payne,* 13 App. D. C. 500. In that case there was a catch basin leading into the sewer about 2 feet in diameter and protected by an iron lid which was designed to be kept in position by two lugs. This lid, upon being slightly turned, fitted into flanges at the under surface of the iron covering of the catch basin located about the center of the sidewalk. Upon examination after the accident, it was found that the lid had but one of these lugs remaining, and one could not keep it in position. The other lug had been previously broken off, and the lid, with one lug broken, when put in place, would slip off when touched by the foot of the passenger traveling over the sidewalk, and it was impossible for it to retain its position, with only one lug left, if a person walked upon it. The portion of the under lid where the lug had broken off was found to have the appearance of an old break. At the point where the one lug was broken off the broken surface was rusted, and in the crevices at the broken point dirt had washed and had dried in the broken part of the flanges. All the circumstances indicated that it was an old break; and it was further shown that boys frequently tampered with the lids of these catch basins, and they were liable thus to be broken. The particular basin in that case was adjacent to a police patrol box at which the policeman on that beat register their rounds. This court said that in the *Payne Case* the evidence was not strong as bearing upon the essential fact of notice, and remarked that the principal circumstance was that the lid or cover of the catch basin had remained in its broken condition before the accident,

as indicated by the rust and dirt accumulated on the irregular surface at the spot where one lug had been broken off; and the court concluded that there were enough facts and circumstances in proof upon which reasonable men might fairly differ.

In the plaintiff's testimony in the case before us, on the contrary, there is nothing to indicate that the condition of the lid which tipped with him was a long-standing condition. The indications were that the lid was not in place. Upon the testimony before the jury, we cannot say the learned court below committed error, because there was not sufficient proof from which it appears that, if there was a defect, it ought to have been known and remedied by the municipality. It is not clear there was any defect. It is not at all clear that, if there were, however, these slight circumstances tending to indicate it, in the absence of actual notice, were sufficient to attribute constructive or implied notice to the municipal authorities.

The counsel for the appellant were aware of the weakness of the appellant's case upon the evidence admitted, and strenuously urged that the court below committed reversible error in refusing to permit the witness McQuade to testify as to the condition of the lid in the trap four days after the accident, whereby they claimed they might have established such constructive notice as would make the defendant here liable. Unfortunately for the appellant, when the witness McQuade had been asked whether he had inspected this sewer trap, and defendant's counsel objected, thereupon plaintiff's counsel offered to prove by McQuade that he had examined the well or cover of this trap in question ["within four or five days after the accident"] *"and found it in a defective state, worn and of long standing, and to establish by him its condition at the time of and before the accident by proving what its condition was the week afterward,"* and the court sustained the defendant's objection. Manifestly upon such a proffer, without more, we cannot say the court committed reversible error. *The appellant did not proffer to show what was the condition either a week after,* or how such condition tended to show that the same condition obtained at the time of the accident; nor did he proffer to show what were

the defects he expected to prove by the witness. The limited scope of the proffer suggests that the testimony of the witness may have been unimportant. However, we are not justified in assuming anything. It suffices that the proffered evidence, if admitted, without more, could not suffice to make out a case for the plaintiff. In respect to the question involved in this case, see *Scott* v. *District of Columbia* [27 App. D. C. 413].

The judgment of the court below must be affirmed, with costs, and it is so ordered.                        *Affirmed.*